IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.     Criminal No. 3:07CR488

CHARLES RUFFIN,

    Petitioner.

**MEMORANDUM OPINION**

Charles Ruffin, a federal inmate proceeding with counsel, filed this 28 U.S.C. § 2255 Motion ("§ 2255 Motion," ECF No. 167) arguing that his conviction and sentence are invalid under <u>Johnson v. United States</u>, 576 U.S. 591 (2015).[1] The Government filed a Government's Response in Opposition to Defendant's Petition for Habeas Relief. ("Response," ECF No. 179.) For the reasons set out below, Ruffin's <u>Johnson</u> claim lacks merit and will be dismissed.

I.     **FACTUAL AND PROCEDURAL HISTORY**

A grand jury returned a four-count Superseding Indictment charging Ruffin, and co-conspirators, with one count of conspiracy to interfere with commerce by threats and violence, in violation of 18 U.S.C. § 1951(a) ("conspiracy to commit Hobbs Act robbery")

---

[1] On June 22, 2020, the Office of the Public Defender filed an unsigned Motion to Vacate on behalf of Ruffin. (ECF No. 164.) On June 23, 2021, counsel filed a § 2255 Motion that was signed by Ruffin (ECF No. 167), along with a MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 165). Although counsel appears to have appointed herself, the Court will grant the MOTION FOR APPOINTMENT OF COUNSEL solely for the purpose of the resolution of the § 2255 Motion.

(Count One); one count of attempt to possess with intent to distribute cocaine hydrochloride and cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count Two); one count of using, carrying, and brandishing firearms during and in relation to a crime of violence and a drug trafficking crime as alleged in Counts One and Two, in violation of 18 U.S.C. § 924(c) (Count Three); and, possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Four). (Superseding Indictment 1-4, ECF No. 29.) On February 29, 2008, Ruffin pled guilty to Counts One and Three of the Superseding Indictment. (Plea Agreement ¶ 1, ECF No. 38.) On June 3, 2008, the Court sentenced Ruffin to one hundred and fifty months on Count One and eighty-four months on Count Three to run consecutively. (J. 2, ECF No. 75.)

On June 22, 2020, Ruffin filed this § 2255 Motion arguing that his conviction under 18 U.S.C. § 924(c) in Count Three must be vacated because of the Supreme Court's decision in Johnson v. United States, 576 U.S. 591 (2015). As discussed below, Ruffin's claim lacks substantive merit.

## II. ANALYSIS

In Johnson, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process," id. at 606, because the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), defined "violent felony" in an was

2

unconstitutionally vague manner for the reason that the residual clause encompassed "conduct that presents a serious potential risk of physical injury to another," which defied clear definition. Johnson v. United States, 576 U.S. at 596-97 (citation omitted). Subsequently, in Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that "Johnson announced a substantive rule [of law] that has retroactive effect in cases on collateral review." Id. at 1268.

Ruffin contends that, after Johnson, the offense of conspiracy to commit Hobbs Act robbery can no longer qualify as a crime of violence under 18 U.S.C. § 924(c)(3), and thus, that his conviction under Count Three must be vacated.[2] Ruffin is incorrect.

---

[2] Title 18 U.S.C. section 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence or in connection with a drug trafficking crime. The baseline additional period of imprisonment is five years. 18 U.S.C. § 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of imprisonment increases to at least seven years. Id. § 924(c)(1)(A)(ii). And, if the defendant discharges the firearm, the additional period of imprisonment increases to at least ten years. Id. § 924(c)(1)(A)(iii).
Until recently, the United States could demonstrate that an underlying offense constituted a crime of violence if it established that the offense was a felony and satisfied one of two requirements. Namely, the statute defined a crime of violence as any felony:
    **(A)** [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "Force Clause")], or
    **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "Residual Clause")].

3

The Court notes that the Fourth Circuit's recent decision in United States v. Simms, 914 F.3d 229 (4th Cir. 2019) found that conspiracy to commit Hobbs Act robbery is not a valid crime of violence under the force clause of § 924(c)(3)(A). In Simms, the defendant pled guilty to conspiracy to commit Hobbs Act robbery and to brandishing a firearm during and in relation to a "crime of violence," but later challenged his brandishing conviction on the theory that Hobbs Act conspiracy could not be considered a "crime of violence" under 18 U.S.C. § 924(c)(3). Id. at 232-33. Initially, the parties and the Fourth Circuit agreed that,

> conspiracy to commit Hobbs Act robbery—does not categorically qualify as a crime of violence under the [Force Clause], as the United States now concedes. This is so because to convict a defendant of this offense, the Government must prove only that the defendant agreed with another to commit actions that, if realized, would violate the Hobbs Act. Such an agreement does not invariably require the actual, attempted, or threatened use of physical force.

Id. at 233-34 (citations to the parties' material omitted). Thereafter, the Fourth Circuit concluded that the Residual Clause of § 924(c) is void for vagueness. Id. at 236.

Section 924(c) prohibits using, carrying, or possessing a deadly weapon in connection with "any crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). In this case, Ruffin's § 924(c) conviction in Count Three was predicated on both

---

Id. § 924(c)(3). The Supreme Court recently invalidated the Residual Clause, or § 924(c)(3)(B), in United States v. Davis, 139 S. Ct. 2319, 2339 (2019).

4

conspiracy to commit Hobbs Act robbery, and on use, carry, and brandish firearms during a drug trafficking crime as charged in Count Two. The Superseding Indictment clearly stated that the § 924(c) conviction charged in Count Three was predicated on the conduct as alleged in Count One, conspiracy to commit Hobbs Act robbery, and Count Two, the drug trafficking charge. (Superseding Indictment 3.) In the Statement of Facts supporting the guilty plea, the Government provided the factual basis for the guilty plea, and the factual basis for the § 924(c) charge clearly included both the conspiracy to commit Hobbs Act robbery offense charged in Count One and the drug trafficking crime charged in Count Two. (Statement of Facts ¶¶ 1-7, 17-20, ECF No. 39.) Ruffin agreed in the plea colloquy that he understood the charges against him. (ECF No. 41, at 2.)

Thus, even though the conspiracy to commit Hobbs Act robbery charged in Count One is no longer a crime of violence after Simms, Ruffin's § 924(c) conviction remains valid because it also rests on the drug trafficking crime charged in Count Two. United States v. Crawley, 2 F.4th 257, 259, 267 (4th Cir. 2021); see United States v. Crawley, No. 3:07CR488, 2019 WL 4307868, at *3 (E.D. Va. Sept. 11, 2019) (citing United States v. Hare, 820 F.3d 93, 105-06 (4th Cir. 2016) (explaining that a § 924(c) conviction predicated on both conspiracy to commit Hobbs Act robbery and in furtherance of a drug trafficking crime not affected by Johnson

5

because "[s]ection 924(c) prohibits possession of a firearm in furtherance of a crime of violence or a drug trafficking crime."); Fripp v. United States, Nos. 4:08-cr-00275-RBH, 4:16-cv-02461-RBH, 2019 WL 2368459, at *2-3 (D.S.C. June 5, 2019) (finding petitioner not entitled to relief under Johnson or its progeny when §924(c) also predicated on a drug trafficking crime)). Thus, Ruffin's claim pursuant to Johnson lacks merit and will be dismissed.

### III. CONCLUSION

The § 2255 Motion (ECF No. 167) will be denied. Ruffin's claim and the action will be dismissed. The MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 168) will be granted solely for the purpose of the resolution of the § 2255 Motion. The Clerk will be directed to terminate the unsigned § 2255 motion (ECF No. 164) and the accompanying civil action number. A certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Ruffin and counsel of record.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August 24, 2021